**YEARLING et al. v. HART.**

No. 3997.

Court of Appeal of Louisiana. Second Circuit, Second Division.

June 11, 1932.

J. B. Crow, of Shreveport, for appellant.

W. M. Pollock, of Mansfield, for appellees.

STEPHENS, J.

This is a petitory action in which the plaintiffs are seeking recognition of title to certain lands lying in De Soto and Red River parishes. The defendant admits the possession of the land in question, but sets up no title in himself, and prays that the plaintiffs' demands be rejected; and for damages in the sum of $500 for wrongful disturbance by plaintiffs of his possession.

A trial resulted in a judgment in favor of plaintiffs, and the defendant appealed.

In January, 1932, the plaintiffs filed in this court a certified copy of a judgment of the Eleventh judicial district court, pronouncing the defendant insane and committing him to the Central Louisiana State Hospital. The judgment is dated April 28, 1931, and this case was submitted to this court for review on appeal on March 14, 1932.

It appears that the defendant has not been formally interdicted. Article 964 of the Code of Practice, as amended by Act No. 308 of 1910, provides: "The above provision shall not be so construed as to prevent persons having claims against a minor, insane person not interdicted, but committed to an insane asylum, or a person absent, pursuing the same previous to the interdiction of such insane person, or to a tutor or curator having been appointed as above prescribed; but in such cases, the person claiming must in his petition pray the court to which it is addressed to appoint a tutor or curator 'ad Hoc' to defend the minor, insane, or absent person in the action."

Until a curator ad hoc is appointed to represent the defendant in compliance with the provisions of the quoted article, no valid legal action may be taken in this suit.

It is therefore ordered that the case be returned to the docket of this court to await further proceedings according to law.